IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00217-BNB

ROBERT J. ZWIERZYCKI,

    Applicant,

v.

RENE GARCIA, Warden,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Robert J. Zwierzycki, is a prisoner in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Littleton, Colorado. Mr. Zwierzycki, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6). He paid the $5.00 filing fee for a habeas corpus action. *See* ECF No. 7.

    On February 27, 2014, the Court ordered Mr. Zwierzycki to show cause why the application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Nevada (Las Vegas) (District of Nevada), the sentencing court. On March 31, 2014, instead of showing cause as directed, Mr. Zwierzycki filed a letter explaining that his intent was to file the instant action pursuant to Rule 5.1 of the Federal Rules of Civil Procedure drawing into question the constitutionality of the federal law under which he was convicted and sentenced, 18 U.S.C. § 2254A. He did not reference Fed. R. Civ. P.

5.1 in any prior document he filed with the Court.

The Court must construe Mr. Zwierzycki's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. See *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). For the reasons stated below, the application will be denied.

Mr. Zwierzycki pleaded guilty in the District of Nevada in Criminal Action No. 09-cr-00449-RLH-GWF-1 on charges of receipt of child pornography pursuant to 18 U.S.C. § 2254A(a)(2). He was sentenced to ninety-seven months of incarceration and to supervised release for life. An amended judgment was entered on the docket on February 2, 2011. He did not appeal directly to the United States Court of Appeals for the Ninth Circuit or file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in the District of Nevada.

On January 24, 2014, Mr. Zwierzycki filed in this Court a "Complaint for a Constitutional Challenge" (ECF No. 1) seeking to have 18 U.S.C. § 2252A declared unconstitutional and his sentence vacated. On February 24, 2014, in response to an order to cure deficiencies filed on January 27, 2014, Mr. Zwierzycki filed a habeas corpus application pursuant to 28 U.S.C. § 2241 seeking the same relief.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its

validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Mr. Zwierzycki bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Zwierzycki's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Zwierzycki fails to demonstrate that he could not have raised his constitutional challenge to 18 U.S.C. § 2252A in an initial § 2255 motion in the sentencing court. *See Prost*, 636 F.3d at 585 ("[T]he savings clause is satisfied so long

as the petitioner had an opportunity to bring and test his claim."). Mr. Zwierzycki's failure to seek and obtain relief under § 2255 does not establish that the remedy is either inadequate or ineffective. *Id.* Therefore, the habeas corpus application will be denied and this action dismissed because Mr. Zwierzycki has an adequate and effective remedy pursuant to § 2255 in the sentencing court.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Zwierzycki files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) that Applicant, Robert J. Zwierzycki, filed *pro se* on February 24, 2014, is denied and this action dismissed because Applicant has an adequate and effective remedy in the sentencing court. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED April 10, 2014, at Denver, Colorado.

                        BY THE COURT:

                        s/Lewis T. Babcock
                        LEWIS T. BABCOCK
                        Senior Judge, United States District Court